IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANIE C. PADILLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0342-N |
| | § | |
| TEXAS HEALTH RESOURCES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant Texas Health Resources' ("THR") motion for summary judgment [22]. For the reasons set forth below, the Court grants THR's motion.

### I. THE ORIGINS OF THE DISPUTE

This case arises out of a workplace injury. Plaintiff Janie Padilla worked as a housekeeper at THR's hospital in Arlington, Texas. While carrying a bucket of water at work one day, Padilla slipped and fell, landing on her right wrist and twisting her right shoulder. Initially, she was given a wrist splint, treated with medications, and placed on light duty at work. Eventually, however, she sought and received 11 weeks of leave under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–54.

As the end of her FMLA leave neared, THR emailed Padilla to notify her that her leave was soon expiring and inform her of the process for obtaining additional leave. Almost a week after her FMLA leave expired, Padilla submitted an incomplete reasonable accommodation form to THR to obtain additional leave. On the form, Padilla indicated that

her functional limitations included lifting and pushing, but she did not complete the portion of the form asking what accommodation she sought and submitted an illegible doctor's note. THR twice contacted Padilla to have her cure the deficiencies on her submitted form, but she did not respond. Padilla also did not report to work.

Over a month later, Padilla's doctor performed surgery on Padilla's injured shoulder. One week after her surgery and over six weeks after her FMLA leave expired, Padilla finally submitted to THR a medical inquiry form from her operating doctor. On the form, Padilla's doctor indicated that Padilla could not use her right arm, was unable to perform her job with or without accommodation, and that her need for leave was indefinite. The day after it received her medical inquiry form, THR contacted Padilla to inform her that she must provide a more specific date of return to work. Padilla, however, never responded. Several weeks later, over three months after Padilla's FMLA leave first expired, THR terminated Padilla's employment.

Upon her termination, Padilla filed the instant action. In her original complaint, Padilla claims, in addition to a few pendant state law causes of action, that THR discriminated against her on the basis of her disability in violation of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112. THR, instead, avers that it terminated Padilla for the nondiscriminatory, lawful reasons that her FMLA leave expired, she could not return to work, she required indefinite leave, and she was unable to perform the essential functions of her job with or without an accommodation.

ORDER – PAGE 2

The Court previously denied THR's motion to dismiss with respect to Padilla's ADA claim but granted it with respect to her pendant state law claims. *See* Order [13]. As a result, only Padilla's ADA claim remains. Now before the Court is THR's motion for summary judgment on that claim. For the reasons set forth below, the Court grants THR's motion for summary judgment.

## II. THE SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there

is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS THR'S MOTION

Padilla's ADA claim contains two parts: (1) an allegation that THR did not reasonably accommodate her disability and (2) an allegation that THR terminated her employment based on that disability. Because of fatal defects in each of those allegations, THR is entitled to summary judgment on Padilla's ADA claim.

### A. THR Did Not Fail to Reasonably Accommodate Padilla

Under the ADA, employers must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee" unless the employer "can demonstrate that the accommodation

would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5). To recover on a claim for failure to accommodate, an employee must demonstrate that (1) she is a qualified individual with a disability, (2) the disability and its consequential limitations were known by the employer, and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). The burden of requesting a reasonable accommodation rests with the employee. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 n.4 (5th Cir. 1999). Here, because Padilla cannot establish two of the three elements of her claim, THR is entitled to summary judgment.

*1. Padilla was not a qualified individual, as defined by the ADA.* – The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). To survive summary judgment, Padilla must thus show that (1) she could perform the essential functions of her job despite her disability or (2) a reasonable accommodation of her disability would have enabled her to perform the essential functions of her job. *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999). Padilla can demonstrate neither.

By both her own words and those of her doctor, Padilla could not perform the essential functions of her job with or without reasonable accommodation. Inherent to her job as a housekeeper is heavy pushing, pulling, lifting, reaching, and other such activities. In the incomplete reasonable accommodation form she submitted to THR nearly a week after her FMLA leave expired, however, Padilla herself conceded that she was unable to lift and push.

ORDER – PAGE 5

And, on the medical inquiry form he submitted to THR after Padilla's surgery, Padilla's doctor explicitly stated that Padilla was unable to perform her job, with or without an accommodation. In her deposition, Padilla testified that she agreed with her doctor's opinion and the information included on the form. The undisputed record thus demonstrates that Padilla was not a qualified individual under the ADA.

   **2. THR did not fail to reasonably accommodate Padilla.** – As the employee, Padilla bore the burden of requesting a reasonable accommodation from THR. *See Loulseged*, 178 F.3d at 735 n.4. Although Padilla's response to THR's summary judgment motion is unable to point to any specific request, the Court finds two potential requests in the record. Neither request, however, was for reasonable accommodation under the law.

   First, Padilla alleges that she requested light duty in a phone call with a THR human resources representative shortly before her FMLA leave first expired. THR denies that this request was ever made. But, even if Padilla did request light duty, she conceded in her deposition that she was unable to do, and her doctor had not released her to perform, *any* work – much less the essential functions of her job as a housekeeper. App. to Def.'s Mot. 23, 32 [24]. And the Fifth Circuit has already determined that "a disabled employee cannot perform her job with reasonable accommodation if the only reasonable accommodation is for the employee not to perform the essential functions of her job." *Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 255 (5th Cir. 2017); *see also Munoz v. H&M Wholesale, Inc.*, 926 F. Supp. 596, 608 (S.D. Tex. 1996) ("[I]f there had been a 'light duty' position available at the time of [her] termination, [the employer] had no obligation to transfer [the employee]

to a completely different position, especially in view of the fact that [she] had not obtained a release from [her] doctor to return to work in any capacity."). Thus, this request by Padilla, if made, was not for a reasonable accommodation.

Second, the medical inquiry form Padilla's doctor sent to THR after her surgery reflected that she needed indefinite leave. This may be construed as a request. But the Fifth Circuit has declared in no uncertain terms that indefinite leave does not constitute a reasonable accommodation. *See, e.g., Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759–60 (5th Cir. 1996) ("[R]easonable accommodation does not require [an employer] to wait indefinitely for [the employee's] medical conditions to be corrected." (internal citations omitted)). Neither of Padilla's potential requests was therefore for reasonable accommodation. As a result, THR did not fail to reasonably accommodate Padilla.

### B. THR Did Not Terminate Padilla's Employment Because of Her Disability

The ADA prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). In an action for discriminatory termination under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII case. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013). This analysis first requires the employee to establish a prima facie case of discrimination. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). To establish a prima facie discrimination claim under the ADA, the employee must

prove that (1) she has a disability, (2) she was qualified for the job, and (3) she was subject to an adverse employment decision on account of her disability. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999); *see also EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 695–97 (5th Cir. 2014) (resolving discrepancy in Fifth Circuit case law on elements necessary to establish prima facie case of discrimination).  If the employee is successful in establishing her prima facie case, then the employer must articulate a legitimate, nondiscriminatory reason for terminating the employee.  *See Chevron*, 570 F.3d at 615. Finally, the burden shifts back to the employer to show that the employee's proffered reason is pretextual.  *See id.*

　　*1. Padilla cannot establish a prima facie case of discrimination.* – Because Padilla has no direct evidence that she was discriminated against because of her disability, she must proceed under the *McDonnell Douglas* burden-shifting analysis.  Although it is undisputed that Padilla had a disability, she was neither qualified for the job nor subject to an adverse employment decision on account of her disability.  As discussed above in section (III)(A)(1), Padilla was not a qualified individual under the ADA because she could not perform the essential functions of her job with or without reasonable accommodation.  Moreover, beyond Padilla's mere assertion that THR discharged her on account of her disability, there exists no evidence in the record in support of that proposition.  Notably, Padilla's response to THR's motion for summary judgment only musters a single, conclusory sentence to support her assertion: "No matter how [THR] couches it, Padilla's employment with [THR] was terminated because she was disabled."  Pl.'s Resp. 2 [25].  Because "[u]nsubstantiated

assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), Padilla has not satisfied her burden to establish this element at this stage.  Thus, given Padilla's inability to establish a prima facie case, THR is entitled to summary judgment on her claim for discriminatory termination.

**2. In any event, THR has articulated a legitimate, nondiscriminatory reason for Padilla's termination but Padilla has not shown that THR's proffered reason is pretextual.** – Even though the fatalities in Padilla's prima facie case foreclose her claim, the Court continues the burden-shifting analysis in the interest of thoroughness.  Assuming Padilla has established her prima facie case, which she has not, THR must articulate a legitimate, nondiscriminatory reason for Padilla's termination, which it has.   THR asserts that it terminated Padilla because her FMLA leave expired, she could not return to work, she required indefinite leave, and she was unable to perform the essential functions of her job with or without an accommodation.  Upon this showing, Padilla must – but cannot – demonstrate that THR's proffered reason is pretextual.  Indeed, Padilla concedes that the bases of THR's termination decision are true.  App. to Def.'s Mot. 24, 26, & 32 [24]. Ultimately, Padilla has failed to present any evidence beyond her subjective belief that she was terminated for a discriminatory reason.  Because "an employee's subjective belief that [she] suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion," *Douglass*, 79 F.3d at 1430, Padilla's

claim under the ADA for discriminatory termination necessarily fails. THR is thus entitled to summary judgment.

### Conclusion

For the reasons set forth above, the Court grants THR's motion for summary judgment. Because this ruling resolves Padilla's sole remaining claim in THR's favor, the Court issues final judgment for THR by separate document of this same date.

Signed June 18, 2018.

David C. Godbey
United States District Judge